Case 2:23-cv-00261   Document 14   Filed on 02/12/24 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ADAN MARTINEZ, III, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00261 |
| § | |
| BOBBY LUMPKIN-DIRECTOR TDCJ- § | |
| CID, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Adan Martinez, III, is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Briscoe Unit in Dilley, Texas. Proceeding *pro se*, Martinez filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on October 12, 2023.[1] (D.E. 1). Martinez raises a single ground for relief. Respondent filed a motion to dismiss contending that Martinez's claim is not cognizable on federal habeas review and, alternatively, is untimely. (D.E. 13). Martinez did not respond. As discussed more fully below, it is respectfully recommended that Respondent's motion to dismiss (D.E. 13) be **GRANTED** and Martinez's habeas corpus petition be **DISMISSED** with prejudice because his claim is not cognizable and, alternatively, untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Martinez stated under penalty of perjury that he placed his petition in the prison mail system on October 12, 2023, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Martinez was convicted in Live Oak County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. *Petition and Claims*

In his § 2254 petition, Martinez raises a single ground, entitled "Ineffective Assistance," that states simply: "WR-85,516-03 H.C. was filed and Court of Criminal Appeals declared ineffective assistance." (D.E. 1 at 5). Martinez indicates that he filed a state habeas application pursuant to Article 11.07 of the Texas Code of Criminal Procedure and that the Texas Court of Criminal Appeals ("TCCA") concluded he received ineffective assistance. (*Id.* at 5, 13).

### b. *State Court Records*

In November 2014, Martinez was charged in an indictment with possession of a controlled substance with intent to deliver, a second-degree felony which was enhanced due to a 2010 conviction for possession of a prohibited substance in a correctional facility. (D.E. 12-6 at 4). The heading of the indictment indicated that the charge was for less than a gram and was a second-degree felony, but the body of the indictment stated that the

2

charge was based on Martinez's possession with intent to deliver between 4 and 200 grams of methamphetamine. (*Id.*).[2]

On December 3, 2014, Martinez pled guilty to the lesser included offense of possession of a controlled substance. (D.E. 12-1 at 25-36, 88-90). The documents again repeated that the charge was for less than one gram, but Martinez stipulated to possessing between 4 and 200 grams and was informed that the punishment range was between 5 to 99 years or life imprisonment. (*Id.* at 25-36, 88-90). The transcript of the plea hearing reflects that Martinez pled guilty to possession of between 4 and 200 grams of a controlled substance and pled true to the enhancement provision. (D.E. 12-6 at 35). Martinez was sentenced to 15 years' imprisonment. (*Id.* at 40). However, when the trial court entered judgment, it contained several apparent mistakes. (*Id.* at 92). First, the convicted offense was listed as "Possession of a Controlled Substance PG 1 (<1 Gram)," rather than the 4 to 200 grams that Martinez stipulated and pled guilty to. Further, the judgment cited Tex. Health & Safety Code § 481.112(b) as the offense, but this section applies to manufacture or delivery of a controlled substance. Finally, the judgment did not reflect that Martinez pled "true" to the enhancement, but instead said "N/A." (*Id.*).

Martinez did not directly appeal.

---

[2] Under Texas law, the formal heading "forms no part of the indictment" and incorrect information in the heading does not render the indictment defective. *Long v. State*, 1 Tex. Ct. App. 466, 466 (Tex. Crim. App. 1876). The TCCA also noted this in discussing Martinez's state habeas application. (D.E. 12-3 at 2 n.2).

On June 22, 2016, Martinez filed an application for a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 12-1 at 4-23). Martinez raised three claims in his application, contending that: (1) trial counsel was ineffective by allowing him to plead guilty to an insufficient indictment; (2) the indictment was defective; and (3) there was insufficient evidence to support the enhancement. (*Id.* at 9-14).

On October 5, 2016, the TCCA entered an order requiring the trial court to make further findings of fact regarding Martinez's ineffective-assistance claim. (D.E. 12-3 at 3-4). The TCCA noted the several mistakes in the trial court's judgment and concluded that Martinez had alleged facts that, if true, might entitle him to relief. (*Id.* at 2-3). The TCCA required the trial court to obtain a response from Martinez's trial counsel discussing what he was charged with, what the punishment range was, what plea offers were made, what she advised Martinez regarding the plea offers, whether he was admonished as to the correct offense and punishment range before pleading guilty, and whether she received a copy of the written judgment and noted the errors in it. (*Id.* at 3). The TCCA stated that if the trial court held a hearing and determined that Martinez was indigent, it was required to appoint counsel if Martinez requested it. (*Id.*). Further, the TCCA required the trial court to supplement the record with a transcript of the plea proceedings, to make findings of fact and conclusions of law regarding whether trial counsel was deficient and whether Martinez was prejudiced, and to enter a judgment *nunc pro tunc* correcting any errors in the written judgment. (*Id.* at 3-4).

Trial counsel submitted an affidavit to the trial court and stated the following. (D.E. 12-6 at 2-3). Martinez was charged with possession with intent to deliver methamphetamine in an amount of between 4 and 200 grams. (*Id.* at 2). He was also charged as a repeat felony offender due to a prior conviction, which enhanced the minimum term of confinement to 15 years' imprisonment. Counsel met with Martinez and informed him that, based on her review of his previous convictions, he was actually a habitual felony offender, not merely a repeat felony offender, and was at risk of having a minimum sentence of 25 years' imprisonment. At the pretrial hearing on December 3, 2014, counsel asked the prosecutor if he would consider probation, but the prosecutor realized that Martinez was a habitual felony offender. The prosecutor offered Martinez a 15-year plea deal that day, but warned that if Martinez declined, he would seek the greater enhancement and increase the offer to 20 years. After discussing this with Martinez, he accepted the 15-year plea deal. (*Id.*). The plea deal allowed Martinez to plead guilty to the lesser included offense of possession, with a plea of true to one prior qualifying felony, making the punishment range five years to life. (*Id.* at 3). The trial court properly admonished Martinez regarding the plea and Martinez advised the court that he wanted to plead guilty. Counsel did receive a copy of the written judgment, but she did not notice the errors because it properly reflected the plea agreement. (*Id.*).

On October 26, 2016, the trial court entered a judgment *nunc pro tunc* that corrected the errors in the original judgment. (*Id.* at 23-24).

5

On December 12, 2016, the trial court entered an order on Martinez's Article 11.07 application making findings of fact and conclusions of law regarding Martinez's ineffective-assistance claim. (*Id.* at 25-28). The trial court concluded that Martinez's plea of guilty and plea of true to the prior felony were freely and voluntarily made, he was aware of the consequences of his plea, and trial counsel was not deficient. (*Id.* at 27). On January 25, 2017, the TCCA denied Martinez's application without written order on the findings of the trial court without a hearing. (D.E. 12-7 at 1).

On June 3, 2023, Martinez filed a second Article 11.07 application, claiming that: (1) the trial court never complied with the TCCA's order on his previous application; (2) the indictment was invalid; and (3) trial counsel was ineffective for failing to follow the trial court's and TCCA's orders on his previous application. (D.E. 12-12 at 4-19). The trial court took no action within 20 days of Martinez's filing, which constituted a finding that there were no previously unresolved facts material to the legality of his confinement. (*Id.* at 121). On August 30, 2023, the TCCA denied his application without written order. (D.E. 12-13 at 1).

### III.  DISCUSSION

    *a.  Cognizability*

In the motion to dismiss, Respondent first argues that Martinez's claim is not cognizable because he alleged no details and merely made a conclusory legal claim that counsel was ineffective. (D.E. 13 at 6). Respondent also argues that Martinez's claim is

not cognizable to the extent he challenges errors in the state habeas proceedings. (*Id.* at 7-8).

Martinez did not file a response.

Here, Martinez's claim is not cognizable because "mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Martinez's petition does not provide any details on his claim other than simply stating it is based on ineffective assistance. (*See generally* D.E. 1). Martinez also stated that the TCCA "declared ineffective assistance," but this does not help define his claim because the TCCA never concluded that counsel was ineffective. (*See* D.E. 12-3 at 3-4). Instead, the TCCA denied both of Martinez's Article 11.07 applications. (D.E. 12-7 at 1; D.E. 12-13 at 1).

Further, to the extent that Martinez is claiming ineffective assistance in his state habeas proceedings, the claim is not cognizable on federal habeas review because it challenges only an infirmity in the state habeas proceedings. "Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). This is because an attack on a state collateral proceeding is not an attack on the detention itself. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). A challenge to the state collateral proceedings falls outside of any claim that Martinez "is in custody in violation of the Constitution or laws or treaties of the United States," and this Court lacks jurisdiction to hear this claim. *See id.*

7

### b. *Timeliness*

Alternatively, Respondent argues that Martinez's petition is time-barred because his conviction became final on January 2, 2015, when his time to appeal expired, and his deadline to file a § 2254 petition was accordingly on January 2, 2016. (D.E. 13 at 9). Respondent contends that neither of Martinez's Article 11.07 applications tolled the limitations period because they were also filed after the limitations period expired. (*Id.* at 10).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A notice of direct appeal of a criminal conviction must be filed within 30 days after the sentence is imposed. Tex. R. App. P. 26.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition

filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Martinez's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. Martinez's conviction became final on January 2, 2015, when his time to file a direct appeal expired. Tex. R. App. P. 26.2(a). Accordingly, the one-year deadline to file a § 2254 petition expired one year later on January 4, 2016.[3] 28 U.S.C. § 2244(d)(1). Martinez did not file his petition until October 12, 2023. (D.E. 1 at 15). Thus, absent any tolling, Martinez's petition was late by over seven years.

---

[3] January 2, 2016, was a Saturday.

Martinez has not established that he is entitled to statutory or equitable tolling. As to statutory tolling, Martinez's state habeas applications challenging this conviction were filed in June 2016 and June 2023, both after the limitations period expired. (D.E. 12-1 at 20; D.E. 12-12 at 19). Accordingly, his state applications did not toll the limitations period. *Scott*, 227 F.3d at 263. As to equitable tolling, Martinez has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. Ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172. Accordingly, Martinez's § 2254 petition is untimely, and he is not entitled to any form of tolling.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial

of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Martinez's claims are not cognizable and, alternatively, time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 13) be **GRANTED** and Martinez's habeas corpus petition be **DISMISSED** with prejudice because his claim is not cognizable and, alternatively, untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

Respectfully submitted on February 12, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).