United States District Court
Southern District of Texas

**ENTERED**

September 05, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAN MARTINEZ, III, | § | |
| | § | |
| PETITIONER, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00261 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| RESPONDENT. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation

("M&R"). (D.E. 14). The M&R recommends that the Court:

(1)  Grant Respondent's motion to dismiss, (D.E. 13);

(2)  Deny Petitioner's 28 U.S.C. § 2254 habeas petition, (D.E. 1);

(3)  Dismiss this case with prejudice as not cognizable, and alternatively, time-barred; and

(4)  Deny a certificate of appealability.

(D.E. 14, p. 1). Petitioner filed written objections to the M&R. (D.E. 17).[1]

When a party objects to the findings and recommendations of a magistrate judge, the

district judge "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As

to any portion for which no objection is filed, a district court reviews for clearly erroneous factual

findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per

curiam).  "Parties filing objections must specifically identify those findings objected to. Frivolous,

---

[1] Petitioner previously filed a motion for extension of time to file objections. (D.E. 15). The Court granted
the motion, allowing Petitioner until March 15, 2024, to file objections. (D.E. 16). Petitioner's instant
objections were filed in this Court on March 18, 2024. (D.E. 17, p. 1). As such, Petitioner's objections may
be untimely. However, given the proximity of the due date and the filed date (three days), the Court will
consider the objections on the merits rather than disposing of the objections on timeliness.

1 / 3

conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (superseded by statute on other grounds, 28 U.S.C. § 636(b)(1))).

Petitioner's objections take issue with his Judgment of Conviction. (D.E. 17, p. 1). He argues that his Judgment of Conviction was improperly amended under Texas Rules of Civil Procedure Rule 329b. *Id.* at 2. Nowhere in his objections does he reference his claim for ineffective assistance of counsel, let alone the M&R's specific recommendations regarding cognizability, timeliness, or appealability. *See id.* at 1–2.

Petitioner's objections fail to "specifically identify those findings objected to." *Nettles*, 677 F.2d at 410 n.8. Indeed, the objections "appear to raise unrelated issues that would not be properly joined in this case and do not show any error in the Magistrate Judge's analysis." *Corbett v. Aransas County*, No. 2:23-CV-00111, 2024 WL 195962 (S.D. Tex. Jan. 18, 2024) (Ramos, J.), *appeal docketed*, No. 24-40162 (5th Cir. March 12, 2024). Accordingly, the Court **OVERRULES** Petitioner's objections.

The Court reviews the portions of the M&R as to which no objection has been filed—in this instance the entire M&R—for clearly erroneous factual findings and conclusions of law. *Wilson*, 864 F.2d at 1221.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **OVERRULES** Plaintiff's objections, (D.E. 17), and **ADOPTS** the M&R in its entirety. (D.E. 14). Accordingly:

(1) Respondent's motion to dismiss is **GRANTED**. (D.E. 13).

(2) Petitioner's 28 U.S.C. § 2254 petition is **DENIED**. (D.E. 1).

(3) Petitioner's action is **DISMISSED with prejudice** as noncognizable and, alternatively, time-barred under 28 U.S.C. § 2244(d). (D.E. 1).

(4) Petitioner is **DENIED** a certificate of appealability.

A final judgment will be entered separately.

        SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
      September 5th, 2024